UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN VAN LEER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-02050-TWP-MG |
| ) | |
| CENTURION HEALTH OF INDIANA, LLC, in ) | |
| its individual and official capacities, ) | |
| STEPHANIE MCCORD, in her individual and ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

This matter is before the Court for screening of Plaintiff Kevin Van Leer (Van Leer") Complaint. Van Leer is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action pursuant to 42 U.S.C § 1983 based upon allegations that occurred while he was incarcerated at Correctional Industrial Facility in Pendleton, Indiana. He alleges the defendants violated his constitutional rights when he was administered certain medication.[1] Because Van Leer is a "prisoner," this Court has an obligation to screen the Complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

---

[1] Van Leer raised substantially similar allegations in *Van Leer v. Centurion Health of Indiana*, LLC, 1:22-cv-00462-JRS-MPB. That action was dismissed without prejudice on June 17, 2022, after Van Leer's amended complaint was screened and failed to state a claim upon which relief may be granted. Van Leer then filed this action, and he asserted substantially similar claims against the same defendants.

claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Van Leer's Complaint names two defendants in their individual and official capacities, Centurion Health of Indiana, LLC ("Centurion") and Stephanie McCord ("McCord"), a pharmacist at the facility. (Dkt. 1.) He claims his rights were violated under the Eighth and Fourteenth Amendments and asserts a supplemental state law tort claim. *Id.*

On January 5, 2022, Van Leer tested positive for the COVID-19 omicron variant and was quarantined. *Id.* at 3. He experienced lung congestion, headaches, muscle weakness, loss of taste and smell, and stomach problems and requested to be seen by a doctor. *Id.* He states that Centurion did not schedule an appointment for him to be seen right away. *Id.* But, on January 11, 2022, he received some medication, specifically, Terbinafine 250 mg, and signed a medication administration record to receive that medication. *Id.* When Van Leer was later seen by a nurse on January 24, 2022, he told her that he was still symptomatic, that the medication was not working, and that he was still sick. *Id.* at 4. When the nurse checked the computer, she told him that "there was no order placed by the doctor for any medication" [for omicron]. *Id.* The nurse found that

2

Van Leer had been given Terbinafine 250 mg, but she told him that this medication was an antifungal medication and was not for omicron symptoms. *Id.* He alleges the nurse told him that "he should not have been on this medication without taking a blood test because it could affect his liver, kidneys, and other parts of the body." *Id.* Van Leer had taken this medication for over 13 days, was sick from it, and was ultimately not recovering from omicron. *Id.*

Van Leer was later seen by a doctor who told him that he had not prescribed Terbinafine 250 mg and told him that he would talk to the pharmacy. *Id.* at 5. Van Leer alleges that McCord "is the only person who fills medication prescription orders from a doctor for this facility," and that McCord had filled his medication without an order from a doctor. *Id.*

Van Leer seeks monetary and punitive damages, a declaratory judgment, and costs and attorneys' fees by way of his complaint. *Id.* at 1.

### III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the Complaint, the Complaint must be dismissed for failure to state a claim upon which relief may be granted. Because Van Leer is a convicted offender, the Eighth Amendment applies to his claims. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017).

To state a claim of deliberate indifference to medical needs, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That is, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not

enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425-26 (7th Cir. 2020).

Van Leer's allegations do not suggest that McCord consciously disregarded a substantial risk of serious harm or a serious medical need that required treatment. His allegations only suggest that if he received incorrect medication in this one instant, it was a mistake—not that McCord knew of an excessive risk to Van Leer's safety and disregarded it. "Mistakes, inadvertent errors, negligence, gross negligence and even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment." *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021) (At screening plaintiff failed to state an Eighth Amendment claim based on allegations that defendant gave him the wrong medication. Defendant's "one-time mistake does not support a constitutional claim."); *Robbins v. Pollard*, 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016) ("Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances. However, [o]ne isolated mistake does not allow a plausible inference of deliberate indifference.") (internal quotations omitted); *see also Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (Eighth Amendment deliberate indifference standard).

Van Leer contends that McCord was deliberately indifferent to his serious medical need "specifically by her failure or refusal to follow procedures in how to prepare prescribed prescription medication to the Plaintiff from a doctor's ORDER to treat a seriously harmful [and] deadly COVID-19 omicron variant virus. Which Plaintiff clearly had this condition." (Dkt. 1 at 9 (emphasis in original).) Van Leer vaguely states McCord "clearly knew or should have known by the several health care request slips submitted by the Plaintiff to the health care department or pharmacy department." *Id.* at 10. But these are not allegations that McCord was personally aware

4

that Van Leer tested positive for omicron, that she personally received or reviewed any of his health care requests indicating that he was ill, or that she knew he sought medication for the virus and instead knowingly administered a medication not designed to treat COVID-19 that would cause him harm while he was recovering from it. Even if McCord was the pharmacist who administered Terbinafine to Van Leer, there are no allegations that she did so knowing it posed a substantial risk to his safety and disregarded such risk, and there are no allegations that McCord maliciously administered medications without doctor's orders to cause harm to Van Leer or other inmates.

Further, Van Leer has not alleged that he was harmed because of a Centurion policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Whiting v. Wexford Health Sources*, 839 F.3d 658, 664 (7th Cir. 2016) ("the *Monell* theory of municipal liability applies" to claims against Centurion). Municipal entities "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cty.*, 860 F.3d 1001, 1005-06 (7th Cir. 2017). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the action of the entity's agents." *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017). The allegations in Van Leer's Complaint support an inference that he was given incorrect medication by mistake, and it does not support a reasonable inference that he was given incorrect medication due to Centurion's "failure or refusal to promulgate, implement, and maintain procedures designed to provide offenders and particularly Van Leer's reasonable, timely, and safe medical treatment procedures for his clearly evident serious[] medical condition for COVID-19 omicron variant health needs." (Dkt. 1 at 8); *see also Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) ("Inaction, too,

can give rise to liability in some instances if it reflects 'a conscious decision not to take action.'") (quoting *Glisson*, 849 F.3d at 381). Van Leer has not clearly and explicitly identified an alleged unconstitutional policy.

Regardless, an entity "cannot be liable under *Monell* when there is no underlying constitutional violation by" one of its employees. *Gaetjens v. City of Loves Park*, 4 F.4th 487, 495 (7th Cir. 2021) (internal quotation omitted). "An inadvertent failure to provide adequate medical care" or "negligence in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment." *Eagan v. Dempsey*, 987 F.3d 667, 688 (7th Cir. 2021) (cleaned up) (citing *Estelle,* 429 U.S. at 105). Because Van Leer's Complaint does not support a reasonable inference that he suffered a constitutional violation, he cannot pursue constitutional claims against Centurion under *Monell* or any other theory.

Finally, this leaves only Van Leer's state law tort claim, which does not give the Court federal question jurisdiction. *See* 28 U.S.C. § 1331. Because such claim is rooted in state law, the Court does not have original jurisdiction over it. *Id.* (giving district courts original jurisdiction over all civil actions arising under the Constitution, laws or treaties, of the United States). And this is not an action between citizens of different states. *See* 28 U.S.C. § 1332. Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any such state law claims. However, because the Court has dismissed all claims over which it has original jurisdiction, as discussed above, it declines to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the Complaint is subject to dismissal, and Van Leer's state law claim is also subject to dismissal without prejudice.

## IV. OPPORTUNITY TO SHOW CAUSE

Van Leer's Complaint must be **dismissed** for each of the reasons set forth above. However, he shall have **through Friday, May 5, 2023,** by which to show cause why judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 4/6/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin Van Leer, #912867
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only